**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Franklin MCINTOSH, Defendant–
Appellant.**

**No. 01–5452.**

United States Court of Appeals,
Sixth Circuit.

Dec. 7, 2001.

538

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

Franklin McIntosh, a federal prisoner proceeding through counsel, appeals the sentence imposed following his conviction on one count of bank robbery in violation of 18 U.S.C. § 2113(a). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McIntosh pleaded guilty pursuant to a written plea agreement on November 20, 2000. The probation officer thereafter issued the presentence investigation report ("PSR"), in which he calculated McIntosh's total offense level as 29, his criminal history category as V, and the resulting guideline range of imprisonment as 151 to 188 months. McIntosh filed objections to the PSR and requested a downward departure pursuant to USSG §§ 5K2.13 and 5K2.16. The district court overruled McIntosh's objections, denied his request for a downward departure, and sentenced him at the upper end of the guideline range to 188 months in prison.

In his timely appeal, McIntosh argues that the district court abused its discretion by denying his request for a downward departure pursuant to USSG § 5K2.13.

A district court has the discretion to depart downward from the guideline range under § 5K2.13 if:

the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants ....

USSG § 5K2.13. A district court's discretionary refusal to depart downward generally is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Watkins*, 179 F.3d 489, 500–01 (6th Cir.1999).

In the instant case, the district court's refusal to depart downward is not reviewable because the district court recognized its authority to do so. When denying the request for a downward departure, the district court explained:

Now, at the time this offense was committed, [McIntosh] suffered, as the defendant says, a diminished mental capacity. But this was due to a voluntary drug addiction. While the Court can understand—is understanding of why that would happen, the Court cannot excuse the defendant. And it is no excuse. Because after the defendant's physician ceased to prescribe anymore Lorcet, the defendant obtained prescription drugs for his addiction. Also, the defendant was under influence of drugs under the instant offense. So based upon my knowledge of the record, I do not believe that Section 5K2.13 applies, and the petition for downward departure for that reason is overruled.

(Sent.Tr., pp. 7–8).

Accordingly, the district court's judgment is affirmed.

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.